WILLIAM FITZPATRICK, PLAINTIFF-APPELLANT, v. MERCHANTS AND MANUFACTURERS FIRE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued October 24, 1941—Decided January 9, 1942.

For the planitiff-appellant, *Fleming & Potter* (*Russell Fleming,* of counsel).

For the defendant-respondent, *Kristeller & Zucker* (*Lionel P. Kristeller,* of counsel),

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment entered in favor of the defendant and against the plaintiff. The case was tried in the Supreme Court, Union County, before the court and jury.

The plaintiff had a policy insuring him against loss by fire issued by the defendant fire insurance company. He suffered loss by fire and sued to recover under the policy. The defense was that the policy had been canceled before the fire for non-payment of premium. The fire occurred on May 29th, 1933. The notice of cancellation is claimed to have been sent to appellant by registered mail on April 4th, 1933, and to have been received by him on April 5th, 1933. He denies having received it or at any rate a proper notice of cancellation.

There had been a previous trial in which the court directed a verdict for the defendant on the theory that no question of fact was raised as to the sending and receipt of a notice of cancellation. There was an appeal and this court reversed (122 *N. J. L.* 468) deciding that the evidence did raise a disputed question of fact as to whether or not a notice of cancellation had been received.

At the new trial the attorneys stipulated that there had been a fire, the amount of the loss and that the only question to be submitted to the jury under proper instructions was, as set forth in the *postea,* "did plaintiff receive from defendant on April 5th, 1933, a notice of cancellation cancelling the policy upon which this action was brought." The jury having found the fact to be that the notice of cancellation had been received the judgment was entered by the court in favor of the defendant in accordance with the stipulation.

It appears that the notice of cancellation was sent by the Central Fire Agency, Inc., in the name of the defendant and had added to it the words "Please pay direct to company. Mr. Short no longer authorized." It is argued by the appellant that the notice of cancellation must be unequivocal to be effective and within the terms of the policy and that by reason of the addition of the quoted words it was not and further that the defendant could not delegate to another the sending of the notice.

None of these contentions argued on the appeal are properly before us because the grounds of appeal do not state the precise rulings to which exceptions are taken. Nevertheless, we conclude that the points are without merit. The pertinent

terms of the policy respecting cancellation follows: "This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation." The premium not having been paid, the company sent its notice of cancellation through its authorized agents and employees and it was, we conclude, an unequivocal notice. It was addressed to plaintiff, it described the policy and then recited "is hereby canceled in accordance with the printed condition thereof, to take effect in five days after the receipt of this notice by you, when it will become void and no claim thereunder for loss occurring thereafter will be recognized or authorized by this company." The notation at the bottom thereof, "Please pay direct to company. Mr. Short no longer authorized" does not minimize, change or alter the plain meaning of the notice.

Moreover, the stipulation of the attorneys stripped the case of but one factual question and that was whether or not a notice of cancellation was received. That question was for the jury under proper instructions. It was so submitted. There was an abundance of evidence to support the verdict.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.